947 F.2d 945
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence Edward MIX, Jr., Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Warden, Defendant-Appellee.
 No. 91-1825.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1991.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Lawrence Edward Mix, Jr., a pro se Michigan prisoner, appeals the district court's summary judgment in favor of the defendant in this prisoner civil rights complaint filed under 42 U.S.C. § 1983. Additionally, Mix requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mix, a prisoner presently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, has sued the Warden of that institution alleging violations of his Fourth Amendment right to be free from unreasonable searches and seizures, and his rights to due process and equal protection under the Fourteenth Amendment. Specifically, Mix claimed that defendant is responsible for all prisoners receiving equal protection and due process under the law. Mix alleged that Warden Toombs "knowingly" allowed the staff under Hearing Administrator Majorie VanOchten "to come into this prison as the Hearing Division and disregard the official notice of law delegating their authority, established for the protection of prisoner's rights." Mix claimed that such allowances by defendant "have resulted in not only guilty findings for major misconduct reports that would normally be dismissed with official notice, but, they have permitted improper dispositions to prevail, resulting in the forfeiture of the education program, good time and personal property, due process of law deprivations." Mix sought relief for himself and for others similarly situated in the form an injunction ordering the Michigan Department of Corrections
 
 
 3
 to assign an ombudsman to officially investigate the circumstances of his prison file with the authorization to do whats [sic] appropriate for the proper adjudications of law that I was entitled to, but was denied, with my insight.
 
 
 4
 Mix claimed that he has already spent a year:
 
 
 5
 in detention erroneously through contraryness [sic] to law, thus, I ask that such order be stipulated to be expedited with a specific court expectation of order's terms met timely and with, the issue of detention to be determined first, with, the ex post facto law standing to statute of posted date 1-3-1990 as it was not effective at time of wrongs. These wants notwithstanding any appropriate decisions made in addition by the Court and its decretion [sic] considered relief, such as certiorary [sic], or monetary or attorney fees, costs, expenses or court costs on the defendant.
 
 
 6
 Defendant filed a motion for summary judgment. In response, Mix filed an edited version of defendant's motion and brief, along with his "Pre-Initial Discovery Presentment/Brief Complaint Summary # 1." The district court granted defendant's motion, after finding that Mix's claims were vague and conclusory and that he failed to show any direct involvement by defendant.
 
 
 7
 Upon consideration, we conclude that summary judgment was proper, as the record supports the district court's decision that there was no genuine issue of material fact and the defendant was entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 Accordingly, the request for counsel is denied and the district court's judgment affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.